1  BRODSKY MICKLOW BULL & WEISS LLP
   Kurt Micklow, State Bar No. 113974
2  Edward M. Bull III, State Bar No. 141966
   1070 Marina Village Parkway, Suite 200
3  Alameda, California 94501
   Telephone:  (510) 268-6180
4  Facsimile:  (510) 268-6181

5  Attorneys for Plaintiff
   CLARK L. WATERS
6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10 CLARK L. WATERS,                        )  CASE NO.
                                           )
11                                         )
                                           )  **COMPLAINT FOR PERSONAL**
12               Plaintiff,                )  **INJURIES - NEGLIGENCE**
                                           )  **UNDER THE JONES ACT;**
13 vs.                                     )  **BREACH OF THE WARRANTY**
                                           )  **OF SEAWORTHINESS; AND**
14 EMILIO CASTANEDA, CARI                  )  **MAINTENANCE AND CURE**
   CASTANEDA and DOES 1-5, *in*            )
15 *personam,* and M/Y ALEXIS, her engines,)  **DEMAND FOR JURY TRIAL**
   tackle, apparel, furniture, and         )
16 appurtenances, *in rem*;                )  **[Pursuant to 28 U.S.C. §1916**
                                           )  **Plaintiff Waters is Entitled to File**
17               Defendants.               )  **this Complaint Without Prepayment**
                                           )  **of Court Filing Fee]**
18 _____ )

19
                                    **I.**
20
                          **GENERAL ALLEGATIONS**
21
         1.    Plaintiff CLARK L. WATERS (hereafter "Plaintiff") brings and maintains
22
   this action based upon the General Maritime Law pursuant to the United States
23
   Constitution Article III, Section 2, the Jones Act, 46 U.S.C. §30104, and 28 U.S.C.
24
   §1333.
25
         2.    Plaintiff was at all times herein a seaman within the meaning of the Jones
26
   Act and the General Maritime Law.  As such, Plaintiff is entitled under the provisions of
27
   28 U.S.C. §1916 to bring this Complaint without prepayment of court's filing fee or the
28
   posting of a bond.

3.     CLARK W. IGLESIAS ("Iglesias") was at all times herein Plaintiff's son and is a minor.

4.     Plaintiff  is an American citizen who currently resides in La Paz, Mexico.

5.     Iglesias was born in Mexico and resides in La Paz with his father.

6.     At all times herein mentioned, M/Y ALEXIS (the "Vessel") was a United States flagged vessel afloat upon navigable waters of the United States and/or the high seas.  M/Y ALEXIS is a Hatteras yacht with its hailing port in Huntington Beach, California, within this District, and was at all relevant times owned by Defendants EMILIO and CARI CASTENEDA.  Plaintiff is informed and believes that M/Y ALEXIS is or will be within the Central District of California during the pendency of this action.

7.     Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants CARI and EMILIO CASTANEDA do business within the State of California, and reside in Newport Beach, California, and are subject to personal jurisdiction and venue in this District.

8.     At all times relevant, Plaintiff is informed and believes that Defendants EMILIO and CARI CASTANEDA are the legal owners and operators of M/Y ALEXIS, and that said Vessel was managed, crewed, maintained, controlled, outfitted and navigated by Defendants EMILIO and CARI CASTANEDA, and at all times Defendants managed and controlled said Vessel from their home in this District.  In addition to the Vessel being a United States flag vessel, and being home ported in this District, the Vessel captain and her crew, and all other witnesses to the accident, are located in this District, as are Plaintiff's treating doctors and surgeon.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 5, and therefore Plaintiff sues these Defendants by such fictitious names.  Plaintiff will amend the Complaint to allege their true names and capacities when ascertained.  In the meantime, Plaintiff is informed and believes that each of the fictitiously named Defendants is affiliated in one way or another with Defendants EMILIO and CARI CASTANEDA, and are responsible in some manner for the occurrences herein alleged.

9.    Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 5, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and thus are legally liable for all of the damages, including punitive damages if any, resulting from the acts or omissions of the others.

10.    On or about July 12, 2013, while Plaintiff was working in the course and scope of his duties as a seaman aboard M/Y ALEXIS, employed by Defendants EMILIO and CARI CASTANEDA and DOES 1-5, inclusive, Plaintiff suffered debilitating and painful physical injuries, including primarily to his back. The injuries occurred when Plaintiff was following the orders of the yacht's captain, Joaquin Moya ("Captain Moya"), and attempting to launch the Vessels tender (life boat) as the Vessel was taking on water from an unseaworthy propeller shaft seal, and according to the panicking Captain Moya, rapidly sinking (as it turned out the Vessel remained afloat for hours after the crew abandoned ship). At the time of his injury, Plaintiff was ordered to secured the life raft which was swinging uncontrollably. In carrying out these orders, Plaintiff was crushed between one dinghy into another, injuring his back. His son, Iglesias, suffered emotional and psychological injuries, and at all times was within the zone of physical danger aboard the sinking yacht. At all relevant times Iglesias was lawfully aboard the Vessel as a passenger.

## II.

## FIRST CLAIM FOR RELIEF

### ( For Jones Act Negligence Against Defendants

### EMILIO and CARI CASTANEDA and DOES 1-5, inclusive)

11.    Plaintiff refers to and by that reference incorporates as though fully set

1    forth herein each and every allegation contained in paragraphs 1 through 10, above.

2         12.    Defendants EMILIO and CARI CASTANEDA and DOES 1-5, inclusive,

3    owed Plaintiff a duty to use reasonable care in all aspects of the employment relationship

4    between them and, among other things, to provide Plaintiff with a reasonably safe place

5    to work.

6         13.    Defendants EMILIO and CARI CASTANEDA, both individually and

7    through their agent Captain Moya,  and DOES 1-5, inclusive, breached this duty of care

8    in a number of ways, including, but not limited to, the following:

9         (a)    failing to properly maintain the Vessel;

10        (b)    failing to provide sufficient and properly trained captain and crew to safely

11   navigate the Vessel;

12        (c)    requiring Plaintiff to perform tasks that needlessly placed him at

13   foreseeable risk of injury;

14        (d)    failing to safely direct the abandoning of the Vessel;

15        (e)    needlessly abandoning the Vessel under adverse conditions;

16        (f)    failing to exercise ordinary care under the circumstances to have the

17   Vessel's training, equipment and work methods in such a condition that Plaintiff would

18   be able to work and travel aboard the Vessel with reasonable safety;

19        (g)    failing to abide by safety laws, regulations, statutes and customs and

20   practice necessary for safety at sea;

21        (h)    failing to provide a reasonably safe means of ingress and egress from the

22   Vessel; and

23        (i)    failing to provide Plaintiff with a safe place to work.

24        14.    As a result of the aforesaid negligent acts and omissions, among others,

25   Defendants EMILIO and CARI CASTANEDA and DOES 1-5, inclusive, breached the

26   duty of care they owed to Plaintiff.

27        15.    As a legal result of such negligence on the part of Defendants EMILIO and

28   CARI CASTANEDA and DOES 1-5, inclusive, Plaintiff has sustained physical and

COMPLAINT FOR
PERSONAL INJURIES                    −4−              CASE NO.

1  emotional injuries.

2       16.    As a further legal result of the negligence of Defendants EMILIO and CARI

3  CASTANEDA and DOES 1-5, inclusive, Plaintiff has sustained and will continue to

4  sustain economic damages, including without limitation, past and future medical expenses

5  and past and future loss of earnings and benefits, all of which will be established at trial

6  according to proof.

7       17.    As a further legal result of the negligence of Defendants EMILIO and CARI

8  CASTANEDA and DOES 1-5, inclusive, Plaintiff has incurred and will in the future incur

9  non-economic damages, including physical and emotional pain and suffering, all of which

10  will be established at trial according to proof.

11  **III.**

12  **<u>SECOND CLAIM FOR RELIEF</u>**

13  **(For Breach of the Warranty of Seaworthiness *In Personam* Against Defendants**

14  **EMILIO and CARI CASTANEDA and DOES 1-5, inclusive, and *In Rem***

15  **Against M/Y ALEXIS)**

16       18.    Plaintiff refers to and by that reference incorporates as though fully set forth

17  herein each and every allegation contained in paragraphs 1 through 17, above.

18       19.    At all times herein relevant, Plaintiff was acting in the service of M/Y

19  ALEXIS performing duties of the type performed by a seaman and whose presence was

20  necessary for the operation of the Vessel.

21       20.    By the provisions of the General Maritime Law of the United States,

22  Defendants EMILIO and CARI CASTANEDA and DOES 1-5, inclusive, by and through

23  their agents, employees and servants, warranted to Plaintiff that M/Y ALEXIS, and her

24  decks, gear, passageways, equipment, appurtenances, tools, crew members, training and

25  work methods were seaworthy and in compliance with applicable laws, statutes, standards

26  and regulations enacted for the safety of the crew.

27       21.    As alleged herein, M/Y ALEXIS, her decks, lines, gear, passageways,

28  equipment, appurtenances, tools, crew members, training and work methods were not

COMPLAINT FOR
PERSONAL INJURIES          –5–         CASE NO.

1  seaworthy and were not in compliance with applicable laws, statutes, standards and

2  regulations enacted for the safety of the crew.  Defendants EMILIO and CARI

3  CASTANEDA and DOES 1-5, and the Vessel, inclusive, violated and breached the

4  warranty of seaworthiness owed to Plaintiff in the following respects, among others:

5        (a)      failing to properly maintain the Vessel;

6        (b)      failing to provide sufficient and properly trained captain and crew to safely

7  navigate the Vessel;

8        (c)      failing to maintain a reasonable abandon ship procedure;

9        (d)      failing to have the Vessel's training, equipment and work methods in such a

10  reasonably fit condition that Plaintiff would be able to work aboard the Vessel with

11  reasonable safety;

12        (e)      failing to abide by safety laws, regulations, statutes and customs and practice

13  necessary for safety at sea;

14        (f)      failing to provide a reasonably safe means of ingress and egress from the

15  Vessel; and

16        (g)      failing to provide Plaintiff with a safe place to work.

17        22.    As a legal result of these breaches, Plaintiff sustained physical and

18  emotional injuries.

19        23.    As a further legal result of Defendants' breaches, Plaintiff has sustained and

20  will continue to sustain economic damages, including without limitation, past and future

21  medical expenses and past and future loss of earnings and benefits, all of which will be

22  established at trial according to proof.

23        24.    As a further legal result of Defendants' breaches, Plaintiff  has incurred and

24  will in the future incur non-economic damages, including physical and emotional pain and

25  suffering, all of which will be established at trial according to proof.

26        25.     Plaintiff  has and is asserting herein a maritime lien and an *in rem* claim

27  against the Vessel for all of the above described economic and non-economic damages

28  caused by the unseaworthiness of the Vessel.

# IV.

## __THIRD CLAIM FOR RELIEF__

**(For Maintenance and Cure and Unearned Wages *In Personam* Against Defendants EMILIO and CARI CASTANEDA and DOES 1-5, inclusive, and *In Rem* Against M/Y ALEXIS)**

26.     Plaintiff  refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 25, above.

27.     According to the General Maritime Law, when a seaman becomes ill or injured while in the service of a vessel, the employer is liable *in personam* and the vessel itself is liable *in rem* to provide the seaman with all reasonable medical care ("cure") and pay to the seaman a reasonable rate of daily financial maintenance sufficient to cover his room and board ("maintenance") from the date he became disabled until he reaches "maximum cure."

28.     Plaintiff was injured on July 12, 2013, while he was employed by Defendants EMILIO and CARI CASTANEDA and DOES 1-5, inclusive, and working in the service of M/Y ALEXIS.  Notwithstanding their obligations under the General Maritime Law, Defendants EMILIO and CARI CASTANEDA and DOES 1-5, inclusive, have failed, to timely furnish, provide for and/or pay for the full amount of maintenance and cure owed and owing to Plaintiff.

29.     Plaintiff also has and is asserting herein a maritime lien and an *in rem* claim against M/Y ALEXIS for all unpaid maintenance and cure.

# V.

## __PRAYER FOR RELIEF__

WHEREFORE, Plaintiff  prays judgment against Defendants, and each of them, as follows:

1.     That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against M/Y ALEXIS, her engines, tackle, apparel, appurtenances, etc., and that all persons having or claiming

1  any interest therein be cited to appear and answer, under oath, all and singular, the matters

2  alleged herein; that Plaintiff  have a judgment for his damages aforesaid, with interest and

3  costs; and that M/Y ALEXIS be arrested and sold to satisfy Plaintiff's judgment;

4      2.    That process in due form of law according to the practice of this Honorable

5  Court issue against the Defendants, citing them to appear and answer all and singular the

6  matters aforesaid;

7      3.    That Plaintiff  may have judgment for his past and future economic damages

8  in amounts according to proof at trial;

9      4.    That Plaintiff may have judgment for his past and future non-economic

10  damages in amounts according to proof at trial;

11      5.    That Plaintiff  be awarded prejudgment interest on the amounts of the

12  damages awarded;

13      6.    That Plaintiff be awarded his past maintenance and cure in amounts necessary

14  to make him whole according to proof at trial;

15      7.    For costs of suit herein; and

16      8.   That Plaintiff be awarded such other and further relief as this Honorable

17  Court deems just and proper.

18

19  DATED: July 11, 2016          Respectfully submitted,

20                                BRODSKY MICKLOW BULL & WEISS LLP

21

22                                By: /Edward M. Bull III
                                         Edward M. Bull III
23
                                  Attorneys for Plaintiff
24                                CLARK L. WATERS

25

26

27

28

# VI.

## **DEMAND FOR JURY TRIAL**

Plaintiff  hereby demands a trial by jury.

DATED: July 11, 2016                Respectfully submitted,

BRODSKY MICKLOW BULL & WEISS LLP


By:   /Edward M. Bull III
            Edward M. Bull III

Attorneys for Plaintiff
CLARK L. WATERS